[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13307
Non-Argument Calendar

_____

Agency No. A97-193-666

ELBA CORINA MORA LANCHEROS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 8, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Elba Corina Mora Lancheros ("Mora"), a native and citizen of Venezuela, who is represented by counsel, seeks review of the Board of Immigration Appeals ("BIA's") denial of her motion for reconsideration of the BIA's denial of her motion to reopen. Mora argues that the BIA abused its discretion in denying her motion to reconsider because it exercised its administrative decision in an arbitrary and capricious manner when it concluded that her marriage was not bona fide where it failed to consider (1) the receipt from U.S. Citizenship and Immigration Service ("USCIS") for her I-130 petition; (2) a letter dated January 18, 2006, from John J. Shannon, and (3) the psychiatric evaluation submitted with Mora's brief on appeal. Mora also contends that the BIA abused its discretion in finding that her motion to reconsider was, in effect, a motion to reopen because its finding is contrary to the clear intent of Congress to allow the submission of additional evidence in a motion to reconsider. For the reasons set forth more fully below, we deny Mora's petition for review.

After a hearing on the merits, the Immigration Judge ("IJ") denied Mora's application for asylum, withholding of removal and CAT relief. The IJ specifically found that Mora was not credible and that she had falsely testified at the hearing. The BIA dismissed Mora's appeal and denied her motion to remand. We denied Mora's petition for review. Mora Lancheros v. U.S. Attorney Gen., (No. 06-16055) (11th Cir. June 7, 2007).

Mora filed a motion to reopen with the BIA. In the motion, Mora stated that

she and Shannon had recently married and on that basis Mora had forwarded an

I-130 immediate relative petition and required filing fee to the USCIS. Mora noted

in the motion Shannon's January 18, 2006, letter in which he referred to Mora as

his girlfriend. Later, Mora supplemented her motion to reopen with a receipt that

indicated that the USCIS received a copy of Mora's I-130 petition.

The BIA denied Mora's motion to reopen. The BIA acknowledged the

documents that Mora had filed in support of her motion to reopen. Nonetheless,

the BIA determined that Mora had failed to present "clear and convincing evidence

indicating a strong likelihood that [Mora's] marriage [was] bona fide."

Specifically, the BIA stated that Mora "presented no evidence bearing upon this

requirement, a failure that is particularly problematic in light of the prior adverse

credibility finding in connection with [Mora's] asylum claim." The BIA did not

consider the receipt from USCIS in its decision "as it was not associated with the

record file prior to the issuance of the Board's 4/10/07 order."

Mora filed the instant motion to reconsider with the BIA. Mora requested

that the BIA reexamine its April 10, 2007, decision, and alleged that the BIA failed

to consider her relationship with Shannon that began well before the time he wrote

the letter. Mora stated in the motion,

> Although this motion is akin to that of a motion to reopen inasmuch as
> Ms. Mora has asked the [BIA] to examine additional evidence

submitted on the issue of the bona fides of her marriage, Ms. Mora appeals to the sound discretion of the [BIA] to reconsider its decision of April 10, 2007[,] as it is clear that her marriage to [Shannon] is bona fide.

Mora attached numerous documents in support of her motion to reconsider.

The BIA denied Mora's motion to reconsider.

We review the denial of a motion to reconsider for an abuse of discretion. Calle v. U.S. Attorney Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). Our review of the BIA's discretionary decision is "limited to determining whether there has been an exercise of administrative discretion" and whether the manner in which it was exercised "has been arbitrary or capricious." See Abdi v. U.S. Attorney Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "To the extent that the BIA's decisions were based on a legal determination, our review is de novo." Sheerer v. U.S. Attorney Gen., 513 F.3d 1244, 1252 (11th Cir. 2008). "However, we defer to the BIA's interpretation of the regulations governing it 'if the interpretation . . . is reasonable and does not contradict the clear intent of Congress.'" Id. (citation omitted).

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. §1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C).

4

"The decision to grant or deny a motion to reopen or reconsider is within the discretion of the BIA." 8 C.F.R. § 1003.2(a).

A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. See Calle, 504 F.3d at 1329 (citation omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)). Motions to reconsider are disfavored in removal proceedings. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen and explaining that such motions are disfavored because, "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").

On the other hand, "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); INA § 240(c)(7)(B); 8 U.S.C. § 1229a(c)(7)(B). In general, an alien may file only one motion to reopen. See 8 C.F.R. § 1003.2(c)(2); INA § 240(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(A). We have recently determined that an alien may file one motion to reopen for each decision by the BIA. Calle, 504 F.3d at 1328.

5

As an initial matter, Mora failed to present to the BIA her arguments that: (1) in deciding her motion to reopen the BIA erred by failing to consider the receipt from USCIS for her I-130 petition; and (2) the BIA erred in concluding that Mora failed to resolve her credibility issues. Therefore, we lack jurisdiction to consider those claims. See 8 U.S.C. § 1252(d)(1) ("[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining that the exhaustion requirement is jurisdictional, such that we "lack jurisdiction to consider claims that have not been raised before the BIA").

As to Mora's arguments properly presented to the BIA, the BIA did not abuse its discretion by denying Mora's motion to reconsider. In her motion to reconsider, Mora claimed that she referred to Shannon's letter in her motion to reopen to "demonstrate that, given their pre-existing relationship, Ms. Mora's and Mr. Shannon's marriage on January 19, 2007[,] was clearly bona fide." Mora also asserted that she and Shannon were maintaining a "romantic relationship" that began well before the date of the letter. However, Mora could have, but did not, present those specific arguments in her motion to reopen. Moreover, her claims do not constitute "specifying the errors of fact or law in the prior [BIA] decision." Thus, the BIA did not act arbitrarily or capriciously in (1) concluding that there

6

was no error in its prior order denying Mora's motion to reopen, and (2) finding that Mora "raised no persuasive argument that the denial of her motion contained error of law or fact."

Additionally, Mora's argument that the BIA misinterpreted the regulation that governs motions to reconsider is without merit. Contrary to Mora's assertions, the BIA did not conclude that the submission of additional evidence was "not allowed" in a motion to reconsider. Significantly, Mora acknowledged that her motion for reconsideration was "akin to that of a motion to reopen inasmuch as Ms. Mora has asked the [BIA] to examine additional evidence submitted on the issue of the bona fides of her marriage." The BIA addressed Mora's request to examine the additional evidence that she submitted with her motion only after it concluded that there was no basis for granting the motion for reconsideration. Mora already had filed a motion to reopen the BIA's October 24, 2006, order affirming the IJ's decision denying Mora's claims for asylum, withholding of removal, and CAT relief. Thus, the BIA did not act arbitrarily or capriciously when it stated that any subsequent motion to reopen the October 24, 2006, order would be numerically barred.

In light of the foregoing, the BIA did not abuse its discretion in denying Mora's motion to reconsider. Accordingly, Mora's petition for review is **DENIED**.

7